IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE KERYDIN (TAVABOROLE) TOPICAL SOLUTION 5% PATENT LITIGATION | |
| ANACOR PHARMACEUTICALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> LUPIN LIMITED, et al., <br><br> Defendants. | Civil Action No. 18-cv-01606-RGA |

MEMORANDUM ORDER

The Magistrate Judge issued a Report and Recommendation (the "Report") on FlatWing Pharmaceuticals' Motion for Fees pursuant to 35 U.S.C. § 285. (D.I. 108). The Report concludes that the case is not exceptional and thus recommends denying attorney's fees. (*Id*. at 7). FlatWing objected to the Report's finding on several grounds. (D.I. 109).

As an initial matter, FlatWing submits that the applicable standard of review is *de novo*. (*Id*. at 3). Anacor does not contest the standard of review. As such, I will review FlatWing's objections *de novo*. *See N.L.R.B. v. Frazier*, 966 F.2d 812, 818 (3d Cir. 1992) (holding that the District Court should apply *de novo* review to a dispositive motion).

FlatWing's request is for $584,276 for fees relating to IPRs, $93,974 for fees in this Court, and about $9,000 in expenses. (D.I. 99 at 19). FlatWing moved to stay the case pending the IPR process (D.I. 23), which was fully briefed, with Anacor not opposed in principle (D.I. 34), but with other Defendants opposed (D.I. 41), and which I denied (D.I. 55). Shortly thereafter, another case was transferred to this Court by the Multi-District Litigation panel. (D.I.

1

58).  I entered a scheduling order.  (D.I. 67).  On June 5, 2019, the PTAB issued final written decisions finding all claims of the four asserted patents unpatentable.  (D.I. 89 at 1).  Soon thereafter, I stayed all the cases pending resolution of Anacor's appeal to the Federal Circuit.  (D.I. 90).  The Federal Circuit in due course affirmed the PTAB rulings (D.I. 94), and I entered final judgment against Anacor (D.I. 96).  I recite the above to show two things: (1) I was exposed to nothing substantive about the case before final judgment, and (2) the main event in the overall disputes between Anacor and Defendants was the IPR litigation.

The Magistrate Judge reviewed the record, including the substantive strength of Anacor's arguments, and determined based on a totality of the circumstances that an exceptional case determination was not warranted. (D.I. 108 at 5, 7).  Upon review of the Report and FlatWing's objections, I agree with the Report's conclusion.

FlatWing lodges multiple objections, none of which are persuasive.

First, FlatWing asserts that the Report misapplied the applicable legal standard. (D.I. 109 at 3).  However, FlatWing does not identify how the Magistrate Judge's analysis was improper or dispute the standard as articulated in the Report. (*Id*. at 3-4).

Second, FlatWing argues that the Magistrate Judge was not permitted to rely on the expertise of the patent examiner given the timing of the invalidation of related patents by the PTAB. (*Id*. at 4).  Having reviewed the timeline discussed in FlatWing's briefing, I do not agree that reliance on the patent examiner was incorrect or that the timeline demonstrates that Anacor necessarily knew the asserted patents were invalid.  As Anacor explains, and the Report echoes, Anacor made a full disclosure to the PTO during the prosecution of the patents-in-suit. (D.I. 108 at 6, D.I. 111 at 3-4).  Anacor did not assert claims that had been previously invalidated by the PTAB or "collaterally estopped arguments such as objective indicia of nonobviousness that the

PTAB had rejected." (D.I. 111 at 4).  At a minimum, these choices suggest that Anacor was continually assessing the soundness of its claims. *Taurus IP, LLC v. DaimlerChrysler Corp.*, 726 F.3d 1306, 1328 (Fed. Cir. 2013).

Third, FlatWing takes issue with the fact that the Report states that the patents had a presumption of validity. (D.I. 109 at 6).  In fact, FlatWing argues that the opposite was true: the claims were presumed obvious. (*Id*.).  FlatWing misapprehends the law.  The Federal Circuit explained that the burden-shifting framework in overlapping range cases applies as follows:

> Where there is a range disclosed in the prior art, and the claimed invention falls within that range, the burden of production falls upon the patentee to come forward with evidence of teaching away, unexpected results, or other pertinent evidence of nonobviousness.  The factfinder then assesses that evidence, along with all other evidence of record, to determine whether a patent challenger has carried its burden of persuasion to prove that the claimed range was obvious.
>
> …
>
> Our use of the term "presumption" or the phrase "burden-shifting framework" is merely a recognition of the practical reality that a patent challenger would have every incentive to point out the existence of an overlapping range, and virtually none to differentiate the claimed range from what was disclosed in the prior art. Importantly, the language employed in our overlapping range cases does not shift the burden of persuasion to the patentee to prove nonobviousness by, for example, pointing to evidence of criticality or unexpected results.

*E.I. DuPont de Nemours & Co. v. Synvina C.V.*, 904 F.3d 996, 1006-07, 1008 (Fed. Cir. 2018) (cleaned up and citations omitted).  I do not read *Synvina* to overrule the general presumption of validity,[1] especially where the burden of persuasion remains on the challenger.  More importantly, Anacor made attempts to rebut this presumption of obviousness and the Magistrate

---

[1] I also do not take the Report's mention of the "presumption of validity" to have been dispositive in the analysis. (*See* D.I. 108 at 6). The Report considered the "totality of the circumstances." (*Id*. at 5).  So do I.

Judge found that "the record . . . does not suggest that Anacor's non-obviousness arguments before the PTAB or the Federal Circuit were particularly weak." (D.I. 108 at 6).[2]

Fourth, FlatWing urges that the Magistrate Judge should have been more "suspect of Anacor's strategy of pushing multiple continuation applications (with mostly redundant claims) through the Patent Office while all Orange Book listed patents were subject to instituted IPRs" and should have considered Anacor's "improper motive" for filing suit. (D.I. 109 at 6). However, as Anacor notes in its Response, FlatWing does not point to any evidence of "improper motive." (D.I. 111 at 8-9). There is nothing in the Report to suggest that the Magistrate Judge did not consider Anacor's motives, as raised by FlatWing. The Report explained, with respect to Anacor's conduct in litigating the instant case, "FlatWing's real point seems to be that it was unreasonable for Anacor to file suit in the first place." (D.I. 109 at 7). I agree that it appears Anacor's position was not so substantively weak as to make it facially unreasonable.

Fifth, FlatWing objects to the Report's characterization of the case as consisting of "conflicting expert testimony." (D.I. 109 at 7-8). The fact that conflicting expert testimony occurred is not overcome by FlatWing's argument that certain statements made by Anacor's experts were mutually inconsistent. (D.I. 109 at 9; *see also* D.I. 111 (objecting to FlatWing's characterization of its experts' testimony)).[3]

---

[2] I also do not take Anacor's concession during oral argument before the PTAB that some of the claims of the four asserted patents were unpatentable based on events subsequent to the issuance of the four patents (D.I. 109 at 5, citing D.I. 100-1, Ex. J at 9 n.9) as conceding that the claims with the 5% tavaborole limitation were unpatentable.

[3] This argument does not appear to have been presented to the Magistrate Judge in the original briefs. (D.I. 111 at 7; *see also* D.I. 99; D.I. 104). I reviewed the briefing one more time specifically on this issue. I do not see that the argument was raised. If it wasn't, Flatwing's certification (D.I. 109-1) is inaccurate, and the argument would be in contravention of the Court's Standing Order for Objections Filed under Fed. R. Civ. P. 72, dated Oct. 8, 2013.

I agree that the instant case is not exceptional. For the reasons stated above, I will **ADOPT** the Report and Recommendation.[4] (D.I. 108). FlatWing's Motion for Attorneys' Fees (D.I. 98) is **DENIED**.

IT IS SO ORDERED this 27th day of September 2021.

/s/ Richard G. Andrews
United States District Judge

---

However, since Flatwing has not had an opportunity to respond, it is possible that I am missing something. Thus, I merely note Anacor's raising of this issue, but I do not rule on it.

[4] Like the Magistrate Judge (D.I. 108 at 7 n.8), I do not need to rule in this case whether the IPR fees are even recoverable under §285.